# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YSSOUF DIABATE,<br><br>　　　　　　　　　　　Petitioner,<br>　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Respondent. | CASE NO. 08CV2369-LAB<br>[Related Case No. 06cr2161-LAB]<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255** |

On February 9, 2007, Movant Yssouf Diabate was convicted of one count of attempting to export defense articles without a license, in violation of 22 U.S.C. § 2778(b)(2) and (c), and of one count of smuggling goods from the United States, in violation of 18 U.S.C. § 554. On May 7, 2007, he was sentenced. Specifically, Movant was found to have attempted to export 38 firearms and ten 17-round ammunition magazines from the U.S. to Côte d'Ivoire on or about September 26, 2006.

Movant filed an appeal with the Ninth Circuit Court of Appeals, which was denied. *United States v. Diabate*, 2008 WL 4962956 (9th Cir. Nov. 21, 2008). On December 18, 2008, his motion to vacate, set aside, or correct his sentence ("Motion") pursuant to 28 U.S.C. § 2255 was accepted for filing *nunc pro tunc* to December 15, 2008.

**I.     Discussion**

Movant advances several arguments for granting the writ. Initially, Movant identifies four reasons for granting the writ:

　　1.   Ineffective assistance of counsel for failure to raise questions regarding desperation of sentencing [*sic*]

2. Sentencing entrapment

3. Manufacturing of evidence by the United States Government

4. Failure to file motion to dismiss case on grounds of entrapment.

(Motion at 1.) The body of the Motion, however, restates the fourth reason as a claim that this Court "erred when it failed to dismiss this case on grounds of ou[t]rageous governmental misconduct." (*Id.* at 5.)[1] In its conclusion, the Motion also adds an unenumerated argument that exporting defense articles to Côte d'Ivoire was not prohibited at the time Movant was arrested. (Motion at 10.) The Court considers each in turn.

### A. "Desperation of Sentence"

Movant does not explain what he means by "desperation of sentence," but the section of the Motion addressing this point simply argues the Court failed to consider the factors listed in 18 U.S.C. § 3553(a). This claim is frivolous because the Court expressly did consider the § 3553 factors at sentencing. (Tr. May 7, 2007, 27:17–29:13 (Docket no. 78).)

### B. Entrapment

The Motion addresses two aspects of entrapment, sentencing entrapment and denial of the motion to dismiss on the basis of outrageous governmental conduct. In this case, the alleged outrageous conduct consisted of entrapping Movant. Movant argues the Court "made no specific finding with respect to [Movant's] contention of outrageous governme[nt]al conduct." (Motion at 5.)

"Sentencing entrapment or 'sentence factor manipulation' occurs when 'a defendant, although predisposed to commit a minor or lesser offense, is entrapped into committing a greater offense subject to greater punishment.' " *United States v. Staufer*, 38 F.3d 1103, 1106 (9th Cir. 1994). Here, Movant argues, this occurred when the undercover agent sold him 38 firearms instead of the 10 he had originally asked for. In support of this, he offers an affidavit stating he had only ordered ten firearms and accessories. (Motion, Ex. A (Affidavit), ¶¶ 57, 59.) He told the agent he could not order more, however, because he did not have enough money, not because he did not want more. (*Id.*, ¶ 58.)

/ / /

---

[1] Apparently after attempting to describe this as an ineffective assistance of counsel claim, Movant realized his attorney had actually moved to dismiss on the basis of entrapment. *See* Motion at 5 (describing motion and renewal of motion to dismiss).

The Court considered and rejected the sentencing entrapment argument and specifically found Movant was inclined to obtain and smuggle out any firearms he could. (Tr. of May 7, 2007, 5:3–6:10.) This claim therefore provides no basis for granting relief under § 2255.

The entrapment defense was presented to the jury and necessarily rejected when the jury nevertheless returned a conviction. For reasons set forth in the Ninth Circuit's decision, 2008 WL 4962956, slip op. at 2, the claim of outrageous governmental conduct falls far short of what would be required to grant the relief Movant requests.

### C.  Manufacturing of Evidence

In support of this argument, the Motion merely says: "It is clearly stated that the evidence of this case is manufactured. There are [*sic*] ample evidence to prove that the evidence was the product of the Government." This argument is unsupported by any citation to authority, the record, or any other evidence. Furthermore, Movant's own affidavit admits to the details of the crimes of which he was convicted, describing why and how he bought firearms, and his efforts to break them down into parts and conceal them in electronics so they could secretly be shipped out of the country without being intercepted. (Motion, Ex. A.)

### D.  Dates of Offense

In support of his argument that Movant cites dates of a U.N. embargo of arms to the Côte d'Ivoire. Even assuming this is relevant to the conviction under 18 U.S.C. § 554, the date of the offense and arrest is well within the embargo dates.

## II.  Conclusion and Order

For these reasons, the request for relief under 28 U.S.C. § 2255 is **DENIED**.

**IT IS SO ORDERED**.

DATED: May 22, 2009

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge